**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Case No. 08-20429

TOMMIE DUNN and KODY EVANS,

    Defendants.
                                                   /

**OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND
DENYING DEFENDANTS' MOTIONS TO SUPPRESS**

Before the court are two motions to suppress, filed by Defendant Tommie Dunn and Kody Evans. The motions were referred to Magistrate Judge Charmiane G. Claxton, who held a hearing and then issued a report and recommendation ("R&R"), recommending that the court deny both motions. Defendants both objected, and the Government responded. After reviewing the R&R and the parties' briefs, the court concludes that an additional hearing would be neither helpful nor necessary. *See* W.D. Tenn. LR 7.2(d). The court will overrule Defendants' objections, adopt the R&R, and deny Defendants' motions to suppress.

**I. STANDARD**

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980). This *de novo* review requires the court to re-examine all

of the relevant evidence previously reviewed by the magistrate judge, in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 950. This enables the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

### A. Defendant Evans

Defendant Evans raises various factual and legal objections to the R&R. The court will address each objection in turn, and will reject them for the reasons stated below.

#### 1. Factual Objections

Defendant first objects to the Magistrate Judge's finding that Lakendria Thompson was "very frightful" because her eleven-month old child was in the apartment and that Investigator Bartlett recalls that she pleaded for them to retrieve her child from the apartment. (Def. Evans Obj. at 1.) Defendant claims the testimony supports only a

conclusion that Thompson asked, not pleaded, for the officers to "get her child." (*Id.*) The court finds this to be a distinction without a difference. A "very frightened" mother asking officers to retrieve her baby from an apartment in which she is not present is fundamentally a plea, particularly where, as here, she also believed that weapons were in the apartment. (Suppression Tr. at 35, 36.) Under these circumstances, there is no substantive difference between "asking" or "pleading" that the officers return her baby to her.

Next, Defendant objects to the Magistrate Judge's finding that Defendant Evans was tied to the case when Investigator Bartlett came across his name, he fit the general description of the other subject involved in some of the robberies, and he had connections with some of the other people involved in the case. Though Defendant attempts to dissect these findings, they are supported by the record, and are indeed direct quotes taken from the transcript. (Suppression Tr. at 26.)

The remainder of Defendant's factual objections relate to the Magistrate Judge's conclusion that probable cause existed to arrest him. The court will address those below.

## 2. Legal Objections

Defendant first objects that probable cause did not exist for his arrest. The court disagrees. As the Magistrate Judge correctly outlined, probable cause for an arrest exists when a person of reasonable caution would be justified in believing that the individual to be arrested had earlier committed, or was then committing, a crime. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Probable cause is determined by the totality of the

circumstances "from a law enforcement officer's perspective." *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993).

The court agrees with the Magistrate Judge's analysis that, though this is perhaps a closer call than other determinations, the totality of the circumstances supported a finding of probable cause for Defendant's arrest.

To establish probable cause officers had more than Defendant's "mere propinquity to others independently suspected of criminal activity." *See Ybarra v. Illinois*, 444 U.S. 85 (1979). Defendant met the general description of one of the suspects; his name was listed in electronic databases as having connections with Dunn, Jones, and Nelson; he was found at the apartment with the other positively identified suspects as well as the cars and clothing involved with the robbery; and, importantly, his behavior at the scene further added to the totality of the circumstances creating probable cause that he was involved in the robberies.[1]

Inspector Bartlett testified that after knocking on the apartment door, announcing their presence, and stating they were there for the child, they received no response despite knowing persons were present within. (Suppression Tr. at 36.) After knocking and announcing again, Inspector Bartlett heard a male voice say "don't open the door," and then they heard "a lot of scratching noises, like furniture being moved." (*Id.*) After breaking in the door, they immediately observed Defendants Evans and Dunn running away from the police and the door. (*Id.*) Contrary to Defendant's objection, this

---

[1]The court rejects Defendant's suggestion that these facts were not supported by the record. Indeed, in this court's experience the Magistrate Judge was exceptionally thorough and accurate in her citations and interpretation of the transcript.

4

testimony supports an inference that Defendant contributed to the refusal to open the door, the potential barricade situation, and that he demonstrably fled from the police. As the Magistrate Judge correctly noted, evidence of flight and police resistance, when added to the other information within the knowledge of the officers, sufficiently established probable cause for Defendant's arrest. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("Headlong flight ... is the consummate act of evasion" and suggestive of guilt); *United States v. Dotson*, 49 F.3d 227, 231 (6th Cir. 1995) (finding that the defendant's "efforts to flee, coupled with [a detective's] reasonable suspicion that [he] was involved in criminal activities, established probable cause to arrest" him); *see also United States v. Moore*, 390 F. App'x 503, 517 (6th Cir. 2010) (noting that a defendant's flight may add to the finding of probable cause). The court thus overrules Defendant's objection to the R&R's conclusion of probable cause.

Because probable cause existed to arrest Defendant Evans, the court also rejects his remaining objection that his out of court identification should be suppressed as the fruit of an illegal arrest.

## B. Defendant Dunn

Defendant Dunn also makes a variety of objections to the R&R. For the reasons stated below, however, the court finds that the Magistrate Judge accurately stated the facts and correctly applied those facts to the law in recommending that the court deny Defendant Dunn's motion to suppress.

### 1. Factual Objections

Defendant first objects to the Magistrate Judge's statement that because the complainant stated that one of the individuals, "Lil Pete," was known to stay in West Memphis, Arkansas, an initial connection was suggested to the state where the two suspected vehicles were licensed. Defendant contends that while the first portion of this statement is true, the Magistrate Judge's conclusion that this suggested a link to the state was not supported by the record. The court rejects this objection. The underlying predicates are indisputably supported by the record, and it is little more than common sense, as noted on the record, to conclude that if a suspect was known to stay in the same nearby state as that which the relevant cars were licensed suggests an initial connection.

As with Defendant Evans, Defendant Dunn also objects to the Magistrate Judge's characterization that Thompson "pleaded" with the police to get her child. (Def. Dunn.'s Obj. at 2.) As noted above, this characterization is supported by the record, and the objection is overruled.

### 2. Legal Objections

Defendant objects that the Magistrate Judge erred in finding that the officers did not themselves create exigent circumstances in conducting the warrantless search and arrests. "[W]arrantless searches are allowed when the circumstances make it reasonable, within the meaning of the Fourth Amendment, to dispense with the warrant requirement. Therefore, . . . the exigent circumstances rule justifies a warrantless search when the conduct of the police preceding the exigency is reasonable in the same sense." *Kentucky v. King*, 131 S.Ct. 1849, 1857-58 (2011).

Here, the court concludes that the Magistrate Judge's analysis of the situation, found at pages nine through twelve of the R&R, was precisely on point. The officers did not create the exigency. Defendant attempts to scrutinize every singular action of the police, but the totality of circumstances reveals that the officers were conducting an appropriate investigation, and were justified in their efforts to assess the location before obtaining a warrant. Their questioning of the individuals on site gave rise to, at most, a perfectly legitimate *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1 (1968). The exigency arose, as the Magistrate Judge found, when the officers concluded that Ms. Thompson's infant was in the apartment, along with the suspects and weapons, and the police had reason to believe the suspects knew of the police's presence and had used weapons in the commission of crimes before. The Magistrate Judge's analysis, then, was correct, and the court adopts it in full.

Defendant next objects that the Magistrate Judge did not consider his argument that the police avoided his objection to search by removing Ms. Evans in order to obtain consent. (Def. Dunn's Obj. at 8.) "The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained." *Georgia v. Randolph*, 547 U.S. 103, 105-06 (2006) (citing *Illinois v. Rodriguez*, 497 U.S. 177, (1990)). However, the police cannot remove a "potentially objecting [co-]tenant from the entrance for the sake of avoiding a possible objection." *Id.* at 121-22. Here, however, there is no evidence, or even suggestion, that police intentionally removed Kirby Evans for the purpose of avoiding Defendant Dunn's objection to the search. Nor

7

is there any evidence that Defendant Dunn himself expressed any objection to the search. Defendant's objection is overruled, and the Magistrate Judge's analysis of the consent to search is adopted.

Because his arrest and search were entirely legal, the court rejects Defendant's final objection that his confession should be suppressed as a result of an illegal arrest.

In sum, the Magistrate Judge's analysis of both Defendants' motions to suppress was thorough, factually well-supported, and legally correct. The court rejects Defendants' objections and instead adopts the R&R in full.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' objections [Dkt. ## 198 & 199] are OVERRULED and the Magistrate Judge's report and recommendation [Dkt. # 193] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendants' motions to suppress [Dkt. # 144 & 159] are DENIED.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 13, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 13, 2012, by electronic and/or ordinary mail.

            s/Lisa G. Wagner
            Case Manager and Deputy Clerk
            (313) 234-5522